## MORRIS vs. MARYE.

*In the Twelfth District Court, June,* 1857.

### DEFAULT UPON PUBLICATION.

A defendant upon whom personal service has not been obtained, in order to avail himself of the privilege of answering within six months after judgment, must show that he has a meritorious defense.

Where default is entered against a defendant before the time for answering has expired, but judgment is not taken until after the time for answering has expired, the judgment is irregular.

The defendant, Marye, against whom and his co-defendant, Whelan, a decree of foreclosure and sale had been taken, made application to set aside the default against him, and the decree, and to be permitted to answer.

His motion was based upon affidavit showing that on the 14th day of November, 1856, publication of summons to be made for a period of three months against him as an absent defendant was commenced, and was ended on the 14th day of February, A. D. 1857 ; that on the 25th day of March thereafter, default was entered against him ; and that on the 28th day of March, the decree was obtained. The affidavit alleges that default was entered at least one day too soon ; but does not show or attempt to show that defendant had any defense whatever.

It was admitted by defendant that a term had expired since entering the decree, without any motion being made, or proceedings had, except the motion referred to.

*Bristol & Spencer,* for plaintiffs.

*Geo. J. Whelan,* for defendant Marye.

NORTON, J. delivered the verbal opinion of the Court denying the motion. He said that the motion, if based upon the ground that the default was entered prematurely, must be denied, as the Court had lost jurisdiction by the lapse of the term at which the decree was taken. He thought, that taking the default too soon would create irregularity in the judgment.

If the motion was based on the right of the defendant, upon whom personal service had not been obtained, to answer within six months, as provided by sec. 68 of Prac. Act, he held that the affidavit should show that the defendant had a meritorious defense, as the defendant under the section referred to could only be permitted to answer to the merits. He thought that the proper practice in all such cases was to accompany the application with an answer showing a meritorious defense.